**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PO K. LIN,** | |
| *Plaintiff,* | |
| v. | **ANSWER** |
| **COUNTY OF MONROE, PATRICK O'FLYNN, SHERIFF, MONROE COUNTY SHERIFF'S DEPARTMENT, DEPUTIES JOEY LUTHER, MICHAEL THOMPSON, AND ROBERT MURPHY, In Their Official and Individual Capacities,** | Case No. 10 CV 6474 L<br><br>**Trial By Jury Is Demanded** |
| *Defendants.* | |

Defendants County of Monroe {*County*}, Sheriff Patrick O'Flynn {*Sheriff O'Flynn*}, Monroe County Sheriff's Department, Joedy Luther (sued herein as Joey Luther) {*Deputy Luther*}, Michael Thomas (sued herein as Michael Thompson), and Robert Murphy {collectively the *County Defendants*} answer the plaintiff's Complaint as follows:

1. **Admit** the allegations contained in paragraphs **7, 8, 45, 47, 48** and **49** of plaintiff Po K. Lin's {*Lin*} Complaint.

2. **Deny** the allegations contained in paragraphs **1, 2, 6, 9, 20, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 43, 57, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 72, 73, 74, 75, 77, 78, 79, 81, 82, 83, 84, 85, 86, 88** and **89** of Lin's Complaint.

3. **Lack knowledge or information** sufficient to form a belief as to the allegations contained in paragraphs **3, 4, 5, 10, 13, 14, 15, 16, 17, 18, 35, 46, 50, 54, 55, 56** and **58** of Lin's Complaint.

4. **Admit** the allegations contained in paragraph **11** of Lin's Complaint, **except deny** so much of paragraph **11** which alleges that the County was the employer of Deputy Luther, Deputy Thomas, and Sgt. Murphy.

5. **Admit** the allegations contained in paragraph **12** of Lin's Complaint, **except deny** so much of paragraph **12** which alleges that Sheriff O'Flynn authorized, condoned, permitted or ratified any policy that permitted the use of excessive force, and state that Sheriff O'Flynn is the final policy maker with respect to use of force.

6. **Admit** the allegations contained in paragraph **19** of Lin's Complaint, **except deny** so much of paragraph **19** which alleges that the quoted language is a verbatim recitation of Lin's statement in context, without interruption and without editing.

7. **Deny** the allegations contained in paragraph **21** of Lin's Complaint, **except admit** so much of paragraph **21** which alleges that Lin was asked to exit the vehicle.

8. **Admit** the allegations contained in paragraph **22** of Lin's Complaint, **except lack knowledge or information** sufficient to form a belief as to whether the quoted language is a verbatim recitation of the deputy's statement in context, without interruption and without editing.

9. **Deny** the allegations contained in paragraph **25** of Lin's Complaint, **except admit** so much of paragraph **25** which alleges that the deputies requested that Lin stop resisting and eventually employed lawful force to direct Lin out of the vehicle.

10. **Deny** the allegations contained in paragraph **26** of Lin's Complaint, **except admit** so much of paragraph **26** which alleges that lawful force was employed to direct Lin to the ground.

11. **Admit** the allegations contained in paragraph **36** of Lin's Complaint, **except lack knowledge or information** sufficient to form a belief as to so much of paragraph **36** which alleges that this information was provided to Lin while he was lying on the ground.

12. **Lack knowledge or information** sufficient to form a belief as to the allegations contained in paragraph **40** of Lin's Complaint, **except admit** so much of paragraph **40** which alleges that other deputies arrived on the scene and Lin alleged to a deputy that he had been punched in the face.

13. **Deny** the allegations contained in paragraph **41** of Lin's Complaint, **except admit** so much of paragraph **41** which alleges that the deputy denied punching Lin in the face.

14. **Deny** the allegations contained in paragraph **42** of Lin's Complaint, **except admit** so much of paragraph **42** which alleges that that Lin was placed in the back of a squad car.

15. **Admit** the allegations contained in paragraph **44** of Lin's Complaint, **except lack knowledge or information** sufficient to form a belief as to the specific questions asked and answered.

16. **Lack knowledge of information** sufficient to form a belief as to the allegations contained in paragraph **51** of Lin's Complaint, **except deny** so much of paragraph **51** which alleges that the quoted language accurately states the words used by Sgt. Murphy during the alleged conversation.

17. **Admit** the allegations contained in paragraph **52** of Lin's Complaint, **except lack knowledge or information** sufficient to form a belief as to so much of paragraph **52** which alleges that Lieutenant Wagner's arrival was after the doctor had written down Lin's medical concerns.

18. **Deny** the allegations contained in paragraph **53** of Lin's Complaint, **except admit** so much of paragraph **53** which alleges that Lieutenant Wagner explained the investigation process and informed Lin that an investigation was already pending.

19. **Answer** the allegations contained in paragraphs **65, 71, 76, 80** and **87** of Lin's Complaint as previously answered.

20. **Deny** each and every other allegation contained in Lin's Complaint not specifically admitted, denied or controverted.

### First Affirmative Defense

21. The "Monroe County Sheriff's Department" is not a legal entity, a proper party defendant or subject to suit under the laws of the State of New York.

### Second Affirmative Defense

22. The doctrine of respondeat superior is unavailable under New York State law as a basis for imposing liability upon the County for the alleged tortuous conduct of Sheriff O'Flynn or his deputies.

23. A county is not liable for the acts of the sheriff or his deputies unless it has assumed such liability by local law.

24. The County has not assumed responsibility for the acts of Sheriff O'Flynn or his deputies by local law. See, *Code of Monroe County New York, Chapter 39*.

### Third Affirmative Defense

25. The doctrine of respondeat superior is unavailable under New York State law as a basis for imposing liability upon Sheriff O'Flynn for the alleged tortuous conduct of his deputies.

### Fourth Affirmative Defense

26. Neither the County nor Sheriff O'Flynn has respondeat superior liability for the conduct of Sheriff O'Flynn's deputies under federal law.

### Fifth Affirmative Defense

27. Lin's Complaint fails to state a claim upon which relief can be granted against the County Defendants.

### Sixth Affirmative Defense

28. Neither the County nor Sheriff O'Flynn authorized, condoned, permitted or ratified any improper or malicious conduct of any person or adopted any policy condoning such conduct.

29. The County, and Sheriff O'Flynn, in his official capacity, have governmental immunity from liability for damages for the causes of actions alleged in Lin's Complaint.

### Seventh Affirmative Defense

30. Punitive damages cannot be awarded against the County or Sheriff O'Flynn in his official capacity.

### Eighth Affirmative Defense

31. There was no Monroe County Sheriff's deputy employed on December 22, 2009 by the name of Michael Thompson.

### Ninth Affirmative Defense

32. To the extent that Sheriff O'Flynn, Deputy Luther, Deputy Thomas, and Sgt. Murphy are sued in their individual capacities, they have qualified immunity from liability for damages for the claims alleged in Lin's Complaint.

**Wherefore, the County Defendants demand:**

A. A trial by jury;

B. Judgment dismissing Lin's Complaint, all of his claims, together with costs and disbursements;

C. **Attorney's and expert fees pursuant to 42 U.S.C. §1988;**

D. For such other and further relief as this Court may deem just and proper.

**WILLIAM K. TAYLOR, MONROE COUNTY ATTORNEY**
*Attorney for defendants County of Monroe, Sheriff Patrick O'Flynn, Monroe County Sheriff's Department, Joedy Luther (sued herein as Joey Luther), Michael Thomas (sued herein as Michael Thompson), and Robert Murphy*

*s/Michele Romance Crain*
_____
**Michele Romance Crain, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone: 585.753.1407
E-Mail: mcrain@monroecounty.gov

Dated: January 27, 2011

To:

**CHRISTINA A. AGOLA, PLLC**
*Attorney for plaintiff*
**Christina A. Agola, Esq. of Counsel**
2100 First Federal Plaza
28 East Main Street
Rochester, New York 14614
Telephone: 585.262.3320
E-Mail: cagola@wnycivilrights.com