UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PO K. LIN,

              Plaintiff,

      v.

LUTHER JOEDY,

              Defendant.

**DECISION AND ORDER**

6:10-CV-6474 EAW

## I.    Background

On August 20, 2010, Plaintiff Po K. Lin ("Plaintiff") filed this action based upon an incident occurring on December 22, 2009, during which it is alleged that deputies of the Monroe County Sheriff's Department used excessive force against Plaintiff in violation of his constitutional rights and engaged in an assault and battery.  (Dkt. 1). Plaintiff initially named six defendants:  the County of Monroe, Monroe County Sheriff Patrick O'Flynn, the Monroe County Sheriff's Department, and Monroe County Sheriff's Deputies Joedy, Thompson and Murphy.  (*Id.*).  By Decision and Order entered December 8, 2014, summary judgment was granted in favor of all defendants except Monroe County Sheriff's Deputy Luther Joedy.  (Dkt. 35).  The remaining claims against Deputy Joedy are asserted pursuant to 42 U.S.C. § 1983 for alleged excessive use of force in violation of the Fourth Amendment, and pursuant to New York state law for assault and battery.

Plaintiff was initially represented in this action by Christina A. Agola—who has since been disbarred.[1]  (Dkt. 31).  After the Court issued its Decision and Order on the summary judgment motion that had been pending at the time of Ms. Agola's disbarment, Plaintiff's current attorney appeared in this action, on June 25, 2015.  (*See* Dkt. 45).  The Court scheduled a trial to commence on April 4, 2016, but at the parties' joint request, the trial was subsequently adjourned to December 2, 2016.  (Dkt. 46, 53, 59).  In the meantime, the Court granted Plaintiff's application to conduct the depositions of Deputy Joedy and Deputy Vincent Re, the two Monroe County Sheriff's Deputies who were purportedly involved in the alleged incident.  (Dkt. 49).  Plaintiff's counsel deposed Deputy Re on November 18, 2015, and February 4, 2016.  (Dkt. 65-1 at 2).

On August 22, 2016, over six years after commencement of this litigation, over six months after the completion of Deputy Re's deposition, almost four years after the expiration of the statute of limitations, and less than four months prior to the rescheduled trial date, Plaintiff filed a motion to amend the complaint to add Deputy Re as a defendant in this action.  (Dkt. 61).  Plaintiff seeks to assert an excessive use of force claim against Deputy Re pursuant to 42 U.S.C. § 1983, and he also seeks to allege an assault and battery claim against Deputy Re under New York state law.  (Dkt. 61-2).  Plaintiff contends that he incorrectly named "Deputy Michael Thompson" as the supervisory deputy at the scene of his alleged beating, and therefore, he seeks to

---

[1]    Plaintiff was also represented by Ryan C. Woodworth, Esq., an associate with Ms. Agola's office (Dkt. 28), and in fact, it appears that Mr. Woodworth handled the opposition to the summary judgment motion (Dkt. 27).

substitute Deputy Re for "Michael Thompson." (Dkt. 61-1 at 4). Deputy Re opposes Plaintiff's motion to amend. For the reasons set forth below, Plaintiff's motion is denied.

## II.  **Rule 15 Analysis**

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend his pleading with the court's permission if the party cannot do so as a matter of course. A court is required to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a proposed amendment is considered futile and leave may be appropriately denied when the statute of limitations for asserting the amended claim has expired. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000). Here, there is no dispute that the statute of limitations has run on Plaintiff's proposed claims against Deputy Re. (Dkt. 61-3 at 3). A § 1983 action filed in New York is subject to a three-year statute of limitations. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Claims for assault and battery under New York law are subject to a one-year statute of limitations. N.Y. C.P.L.R. § 215(3). Thus, to avoid the statute of limitations, Plaintiff must establish that the claim against Deputy Re relates back to the time of the original filing; otherwise, any amendment to the complaint would be futile.

Rule 15(c) provides as follows with respect to the relation back of an amendment to a complaint:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A)　the law that provides the applicable statute of limitations allows relation back;
> (B)　the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C)     the amendment changes the party or the naming of the party against
        whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if,
        within the period provided by Rule 4(m) for serving the summons
        and complaint, the party to be brought in by amendment:

   (i)    received such notice of the action that it will not be
          prejudiced in defending on the merits; and

   (ii)   knew or should have known that the action would have been
          brought against it, but for a mistake concerning the proper
          party's identity.

Fed. R. Civ. P. 15(c).

Rule 15(c)(1)(C) sets forth the "federal standard for relation back." *Hogan*, 738

F.3d at 517. Pursuant to that section, a complaint seeking to change the named party will

relate back to the time of the original filing when the following conditions are met: (1)

the claim must have arisen out of the conduct set out in the original complaint;   (2)

within the time provided for service under Rule 4(m), the party to be added must have

received notice so that he will not be prejudiced in defending the action;  and (3)  within

the same Rule 4(m) time period, the party to be added knew or should have known that

"but for a mistake of identity, the original action would have been brought against it. . . ."

*Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82 (2d Cir. 2014) (citing *Hogan*, 738

F.3d at 517); *see e.g.*, *Reliance Ins. Co. v. PolyVision Corp.*, 292 F. App'x 106, 106-07

(2d Cir. 2008).

Here, the parties agree that the first element of Rule 15(c)(1)(C) has been met—in

other words, any claim against Deputy Re arises out of the conduct set forth in the

original complaint.  However, they disagree as to whether the second and third prongs of

the relation back test have been satisfied.  As set forth below, this Court finds that

Plaintiff has failed to satisfy the requisite standard for relation back under Rule

- 4 -

15(c)(1)(C). In addition, while not raised by the parties, the Court also finds that Plaintiff

has failed to satisfy the requisite standard for relation back under Rule 15(c)(1)(A).

### A.   Substituting versus Adding a New Party

Plaintiff characterizes his proposed amendment as seeking to substitute Deputy Re

for Deputy Thompson.   However, as highlighted in the opposition papers, Deputy

Thompson is no longer a defendant in this action, and he has not been a defendant for

almost two years. (Dkt. 64 at 9). By Decision and Order entered December 8, 2014,

summary judgment was granted in favor of Deputy Thompson. (Dkt. 35). Thus, Plaintiff

is arguably not seeking to substitute Deputy Re for Deputy Thompson, but rather he is

seeking to add Deputy Re as a party.

By its express language, the relation back language of Rule 15(c)(1)(C) applies to

an amendment that "changes" a party that is named due to a mistake concerning the

proper party's identity, not to a situation where an entirely new party is being added.

Fed. R. Civ. P. 15(c)(1)(C); *see Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470

(2d Cir. 1995) ("Rule 15(c) explicitly allows the relation back of an amendment due to a

'mistake' concerning the identity of the parties (under certain circumstances), but the

failure to identity individual defendants when the plaintiff knows that such defendants

must be named cannot be characterized as a mistake.").

Plaintiff has not cited any case law allowing for relation back under Rule

15(c)(1)(C) where a motion to amend is filed long after the party who was purportedly

mistakenly identified (in this case, Deputy Thompson) has been dismissed from the

litigation. Moreover, while not briefed by either party, this Court's research has revealed

- 5 -

that courts appear to be split on whether relation back is allowed for amendments adding, as opposed to substituting, a party. *See* 6A C. Wright, A. Miller, et al., *Federal Practice and Procedure* § 1498.2 (3d ed. 2016) ("Many courts have liberally construed the rule to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule, although some courts have adopted a narrower construction.").

It does not appear that the Second Circuit Court of Appeals has directly addressed the issue, and district courts in this Circuit have reached varying results. *Compare In re Vitamin C Antitrust Litigation*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014)[2] ("Rule 15(c)(1)(C) does not encompass just any mistake.  It requires a mistake 'concerning *the proper party's identity.*'  As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases. . . .  The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable.  If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so."), *with Almazo v. M.A. Angeliades, Inc.*, No. 11 CV 1717(MGC), 2015 WL 6965116, at *6 (S.D.N.Y. Nov. 10, 2015) (interpreting Rule 15(c)(1)(C) as including instances where a plaintiff "seeks to sue an additional defendant (rather than simply a different defendant).").

---

[2]     The Second Circuit Court of Appeals recently reversed the district court's denial of the defendants' motion to dismiss in *In re Vitamin C Antitrust Litigation*, __ F.3d __, Docket No. 13-4791-cv, 2016 WL 5017312 (2d Cir. Sept. 20, 2016). The district court's subsequent decision with respect to Rule 15(c)(1)(C) was apparently not at issue in that appeal.

Because Deputy Re did not expressly raise this issue in opposition to the motion to amend, this Court will assume for the limited purposes of this motion that Rule 15(c)(1)(C) allows for the addition of a new party, and not simply the substitution of a party.

### B.   Lack of Mistake

Plaintiff contends that Ms. Agola mistakenly named "Michael Thompson" as the more senior sheriff's deputy involved in the alleged incident, instead of Deputy Re. (Dkt. 61-1 at ¶¶14-18). Although "Michael Thompson" was initially named as a defendant in this litigation, he was not referenced at all in the text of the complaint as either the more senior sheriff's deputy or in any other respect. Moreover, as set forth in the Court's Decision and Order granting summary judgment, the parties agreed that there was no individual named Michael Thompson employed by the Monroe County Sheriff's Department who was at the scene of the incident. (Dkt. 35 at 6).[3]

A claim can relate back under Rule 15(c)(1)(C) where claims are seeking to substitute one party for another because there was a mistake of fact in the original complaint. *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 549 (2010). When a party has a "misunderstanding about [an opposing party's] status or role in the events giving rise to the claim at issue . . . [t]hat kind of deliberate but mistaken choice does not

---

[3]     The opposition papers point out that a Deputy Michael "Thomas" was identified as part of the Rule 26 disclosures, and that in all likelihood, the naming of "Michael Thompson" was a typographical error, intending to reference "Michael Thomas." (Dkt. 64 at 9). In other words, the reference to Michael Thompson was not a mistaken reference to Vincent Re, but rather a mistaken reference intended to mean Michael Thomas.

foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* However, "[c]laims against any newly added defendants will not 'relate back' to the date of the original complaint where the plaintiff's failure to name the prospective defendant was 'the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity.'" *Schoolcraft v. City of New York,* 81 F. Supp. 3d 295, 301 (S.D.N.Y. 2015) (quoting *Krupski v. Costa Crociere S.p.A.,* 560 U.S. at 552); *see, e.g., Barrow,* 66 F.3d at 470.

Here, Plaintiff has not established that Deputy Re was not named as a defendant due to some mistaken impression that it was Deputy Michael Thompson who was at the scene. Deputy Re's involvement in the events at issue was fully disclosed before the filing of the original complaint. Plaintiff provided his counsel with all the documentary materials from his criminal proceeding that were relevant to the case (Dkt. 65 at ¶ 8), and Deputy Re is plainly referenced on the reports from the incident (*see* Dkt. 64-2 at 29). Moreover, Defendants' Rule 26 disclosures dated May 2, 2011, identified Deputy Re as a person with relevant information, and also attached documentation from the incident identifying Deputies Re and Luther as the deputies involved. (Dkt. 64-2). "Deputy Vincent Re #3133" is identified as one of the reporting officers on the police report produced as part of the Rule 26 disclosures. (*Id.* at 29). In addition, Defendants' summary judgment papers, including the statement of material facts not in dispute, identifed Deputy Re as involved in the incident with Deputy Luther. (Dkt. 23-1 at ¶ 8). Furthermore, in July 2013, Plaintiff admitted in response to the summary judgment motion that Deputy Re was involved in the incident. (Dkt. 27-1 at ¶ 8).

As a result, this Court is hard-pressed to conclude that Ms. Agola's failure to name Deputy Re was due to mistakenly confusing his identity with Deputy Thompson. Rather, it appears that the decision not to name Deputy Re was a deliberate choice by Ms. Agola (albeit one apparently made without consulting her client). As a result, this requisite element for relation back under Rule 15(c)(1)(C) has not been met.

### C.   **Deputy Re's Requisite Notice and Knowledge within the Rule 4(m) Time Frame**

Even if Plaintiff could establish that Deputy Thompson was mistakenly named as a defendant instead of Deputy Re, Plaintiff still would not meet the requirements of Rule 15(c)(1)(C) because he cannot establish that Deputy Re received notice of the action and knew or should have known[4] that the action would have been brought against him within the period for service set forth at Rule 4(m).

---

[4]   Neither party raised the issue as to whether Deputy Re's notice could be implied by virtue of the fact that he is represented by the same counsel as the other defendants who were originally named in the complaint (i.e. the Monroe County Department of Law). Even if that issue had been properly raised, the Court finds that it would not change the outcome. "In order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendants would be added to the existing suit." *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989); *see, e.g.*, *Scott*, 577 F. App'x at 82 (although complaint referenced alleged conduct by individual employees, that was insufficient to put counsel on notice that the individual defendants would be named to the existing suit, where only municipal defendants were named as defendants). Here, there has been no showing that defense counsel knew that Deputy Re would be added to the existing suit. Defense counsel made no secret about Deputy Re's involvement, providing disclosures on the issue in 2011 and expressly referencing him in the summary judgment papers filed in 2013. (Dkt. 23, 64-2). Yet, it was not until August 22, 2016, that Plaintiff sought for the first time to add Deputy Re as a defendant. Defense counsel's lack of notice is only further supported by the fact that Deputy Re was not notified by defense counsel about the lawsuit until 2015. (Dkt. 54-1 at ¶ 4).

Under the version of Rule 4(m) that controlled at the time this action was filed, service was required within 120 days, but it has since been reduced to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's notes to 2015 amendment. Deputy Re has submitted a sworn declaration stating that he was not aware of the lawsuit until sometime in 2015, long after the 120-day time period for service set forth by Rule 4(m). (Dkt. 64-1 at ¶3). In fact, no Defendant in the case was served within that 120-day period. (*See* Dkt. 1-6).

Plaintiff argues that even though Deputy Re did not have the requisite knowledge or notice during the 120-day period, this Court should nonetheless extend the time period for service under Rule 4(m). Plaintiff has not cited any case law supporting his theory that the principles underlying an extension of time under Rule 4(m) for service can also operate to effectively extend the relevant time period for notice under Rule 15(c)(1)(C). The Court questions whether Rule 15(c)(1)(C) should be interpreted in such a manner. *See Hogan*, 738 F.3d at 517 (referencing second and third elements of Rule 15(c)(1)(C) as requiring fulfillment within 120 days of filing of original complaint). *Cf. JCG v. Ercole*, No. 11 Civ. 6844(CM)(JLC), 2014 WL 1630815, at *19 (S.D.N.Y. Apr. 24, 2014), *report and recommendation adopted*, 2014 WL 2769120 (S.D.N.Y. June 18, 2014) (with *pro se* plaintiff, allowing extension under Rule 4(m) to operate to extend time to satisfy second and third criteria for relation back under Rule 15(c)(1)(C)).

Nonetheless, even assuming that Plaintiff's theory is legally supportable, it is apparent that an extension of time under Rule 4(m)—effectively an extension of time of almost six years—is not warranted.

- 10 -

Rule 4(m) permits an extension of time for service "if the plaintiff shows good cause. . . ." Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to make timely service was the result of circumstances beyond his control." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32 (W.D.N.Y. 1996). A party's failure to act diligently can be grounds for a refusal to extend the time for service under Rule 4(m). *Sims v. Wegmans Food Market*, 674 F. Supp. 2d 429, 434 (W.D.N.Y. 2009) (refusing to extend the time for service because the plaintiff did not act "diligently" when he failed to effectuate service within two years of filing the complaint); *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506-07 (S.D.N.Y. 1999) (finding no good cause when the plaintiff did not move for time to extend service until thirteen years after filing the complaint). And, "[i]t is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days." *Smith v. Ford Motor Co.*, No. 07-CV-422S, 2009 WL 2448472, at *3 (W.D.N.Y. Aug. 7, 2009) (quoting *Mused*, 169 F.R.D. at 32); *see, e.g.*, *Johnson v. New York City Bd. Of Educ.*, 23 F. App'x 70, 72 (2d Cir. 2001) ("attorney neglect is not good cause" under Rule 4(m)).

Absent a showing of good cause, a district court has the discretion to grant an extension of time for service, but is not required to do so. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). "Generally, when courts consider an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120 day period." *Eastern Refractories Co., Inc.*, 187 F.R.D.

at 506. Factors that a court should consider when evaluating whether to extend the time for service in the absence of good cause include: "'(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Morris v. Ford Motor Co.*, No. 07-CV-424S, 2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009) (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)); *see* Fed. R. Civ. P. 4(m) advisory committee's notes to 1993 amendment.

Here, the only factor weighing in favor of extending the time under Rule 4(m) is the impact that denial of the request will have on Plaintiff since the statute of limitations has expired. While the Court does not readily discount the resulting impact on Plaintiff's case, nor does it dismiss the fact that the initial failure to name Deputy Re was allegedly the result of Plaintiff's former attorney's negligence, the fact is that Plaintiff's current attorney was retained on June 25, 2015 (Dkt. 45), but this pending motion to amend was not filed until over one year later. This hardly constitutes due diligence in pursuing the amendment, even once new counsel became involved. It certainly does not demonstrate a "colorable excuse for neglect." *Zapata*, 502 F.3d at 198.

Moreover, considering that Deputy Re did not have actual notice of the claims asserted in the complaint within the statute of limitations, that there was never any attempt to name him or serve him until almost seven years after the incident, and that Deputy Re would be prejudiced if forced to defend this litigation at this late stage of the

proceedings, it is apparent that an extension of time under Rule 4(m) would not be warranted.

In sum, even if the ability to extend time under Rule 4(m) could operate to extend the time limits set forth in Rule 15(c)(1)(C) for the requisite notice and knowledge on the part of Deputy Re, there would be no basis for this Court to extend those time limits under Rule 4(m) by the almost six years that Plaintiff seeks in this case.

**D.    Prejudice**

Finally, even if all the above elements of Rule 15(c)(1)(C) could be met, Deputy Re would be prejudiced in defending this action on the merits. Rule 15(c)(1)(C)(i) requires Deputy Re to have received such notice of the action during the requisite time period that he will not be prejudiced in defending on the merits.

The Court recognizes that an amendment proposed after discovery has been completed is "especially prejudicial" to the non-moving party. *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998). Indeed, "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Id.* This matter has been pending for more than six years, and is scheduled to go to trial in approximately two months. (*See* Dkt. 1, 59). The Court understands that Deputy Re has already been deposed by Plaintiff in this action. (Dkt. 65-1 at 2). Although this may imply that the case would continue without delay, Plaintiff's papers suggest that delay is inevitable if Deputy Re is added when he argues that there is no prejudice because Deputy Re "may

apply for an extension of time to file a summary judgment motion." (Dkt. 65-2 at 6).[5] Additional dispositive motions will postpone the resolution of this case and finality for all involved, including Plaintiff. The expected delay in resolving the case suggests that the other remaining defendant will be prejudiced by the substitution of Deputy Re. Similarly, such an outcome would prejudice Deputy Re by forcing him to defend a suit well after discovery has closed, and almost seven years after the underlying events occurred. Deputy Re's ability to remember the interaction with Plaintiff does not mean that Deputy Re will not be prejudiced by being hauled into court years after the alleged incident, as Plaintiff argues. (*See* Dkt. 65-1 at 2).

The Court is aware that declining to allow Plaintiff's claims to proceed against the person who allegedly perpetrated the unconstitutional excessive force significantly impacts Plaintiff's case. However, substantial prejudice would accrue to both Deputy Re and the other remaining defendant if Deputy Re was substituted at this late date. Balancing the equities between the parties, the Court finds that the prejudice to Deputy Re outweighs the harm to Plaintiff, who was not diligent in pursuing his claims against Deputy Re and who can still move forward against the remaining defendant.

**E.     Relation Back Under State Law**

In the context of this case, where Plaintiff seeks to assert § 1983 and state law claims against Deputy Re, Rule 15(c)(1)(A) instructs courts to utilize New York state law for relation back if it provides "a 'more forgiving principle of relation back. . . .'"

---

[5]     The Court is not guided by a "zeal for a tidy calendar," but by the prejudice to Deputy Re if he is added to the case at this late date. *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013).

*Hogan*, 738 F.3d at 517 (since § 1983 derives its statute of limitations from state law, it is appropriate to consider applicability of state law relation back doctrine to ascertain whether it provides a more generous application of relation back for statute of limitations purposes).   Plaintiff does not argue for relation back under New York state law. Nonetheless, for the sake of completeness, the Court addresses whether Plaintiff may assert claims against Deputy Re within the applicable statute of limitations pursuant to Rule 15(c)(1)(A).

New York law provides two mechanisms for relation back—sections 203 and 1024 of New York's Civil Practice Law and Rules.   N.Y. C.P.L.R. § 1024 is not applicable here, since it involves use of a John Doe procedure to identity unknown defendants.  No John Does were named as defendants in this case.  (*See* Dkt. 1).

N.Y. C.P.L.R. § 203 is New York's general relation back statute.   It provides as follows: "In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced." N.Y. C.P.L.R. § 203(c).  Pursuant to this provision, claims against a new defendant will relate back to the filing of the original pleading if the following elements are met:

> (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

- 15 -

*JCG v. Ercole*, 2014 WL 1630815, at *15 (quoting *Fisher v. Cty. of Nassau*, No. 10-CV-0677, 2011 WL 4899920, at *5 (E.D.N.Y. Oct. 13, 2011)).

As with the Rule 15(c)(1)(C) analysis, there is no dispute that the claims against Deputy Re arise out of the same conduct, transaction, or occurrence as the original allegations. However, Plaintiff cannot meet the second and third elements of relation back under N.Y. C.P.L.R. § 203.

Deputy Re is not united in interest with Deputy Luther (or Deputy Thompson) such that by reason of their relationship Deputy Re can be charged with notice of the institution of the action so that he will not be prejudiced in maintaining his defense on the merits. As explained by the Court in *Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116 (E.D.N.Y. 2009):

> the question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff. . . . The rather lofty phrase "jural relationship" simply means a legal relationship giving rise to potential liability. The most frequently cited relationship creating a unity of interest is vicarious liability, such as between an employer and employee or a corporation and its agents.

*Id.* at 122 (internal citations and quotations omitted). Courts have found in similar contexts—where one law enforcement officer is sought to be substituted for another in an excessive force claim—that the officers are not "united in interest" for purposes of N.Y. C.P.L.R. § 203. *See Ramos v. Engels*, 15 CV 1081 ARR LB, 2016 WL 3619534, at *7 (E.D.N.Y. June 3, 2016), *report and recommendation adopted*, 2016 WL 3640684 (E.D.N.Y. June 29, 2016); *JCG v. Ercole*, 2014 WL 1630815, at *15. In other words, the claims against Deputy Luther (or Deputy Thompson) and Deputy Re "would not

necessarily stand or fall together"—one deputy may be held liable while the other is not because each deputy's liability will be determined by that particular deputy's acts or omissions—and therefore, the unity of interest requirement cannot be met. *See Ramos*, 2016 WL 3619534, at *7.

Additionally, Plaintiff cannot meet the requirements of the third prong of the N.Y. C.P.L.R. § 203 relation back doctrine for the same reasons that he cannot establish a mistake pursuant to Rule 15(c)(1)(C). *Moran v. County of Suffolk*, No. 11 Civ. 3704)(PKC)(GRB), 2015 WL 1321685, at *7 (E.D.N.Y. Mar. 24, 2015) ("Since Plaintiff cannot satisfy Rule 15(c)'s mistake element, he also cannot satisfy the third prong of § 203(c)."). In other words, the "mistake" element of § 203(c) has been interpreted as employing the same standard as the "mistake" requirement of Rule 15(c)(1)(C). *Doe v. New York*, 97 F. Supp. 3d 5, 20 (E.D.N.Y. 2015); *see also Briggs v. County of Monroe*, 09-CV-6147W, 2016 WL 1296060, at *10 (W.D.N.Y. Mar. 29, 2016) (collecting cases).

## III.    Rule 16(b) Analysis

Separate and apart from Plaintiff's failure to establish his entitlement to add Deputy Re as a defendant pursuant to Rule 15(c), there is another reason that his motion must fail—he cannot establish good cause to amend the scheduling order in this case that required any motions to amend to be filed by June 1, 2011. (*See* Dkt. 13).[6]

---

[6]    A court "generally [does] not consider issues raised in a reply brief for the first time because if [a party] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it." *In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) (citations omitted); *see, e.g.*, *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief . . . we decline to entertain the theories so proffered."). Here, Plaintiff's original

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *see, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) ("Where, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." (internal citations and quotations omitted)).

Rule 16(b) allows the modification of a scheduling order only for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). An attorney's neglect is insufficient to establish good cause for amending a scheduling order. *See Scott v. New York City Dept. of Correction*, 445 F. App'x 389, 391 (2d Cir. 2011) (affirming a district court's finding that attorney neglect was not good cause).

The scheduling order in this case required that any amendments to the pleadings be filed by June 1, 2011. (Dkt. 13). Ms. Agola's alleged nonfeasance does not constitute good cause to extend the deadline in the scheduling order. Before Plaintiff filed this action, he provided Ms. Agola with documents that detailed Deputy Re's involvement in the alleged incident. (Dkt. 65 at ¶ 8). Moreover, Defendants' Rule 26 disclosures dated May 2, 2011 (prior to the deadline for filing a motion to amend pleadings), identified Deputy Re as a person with relevant information, and also attached documentation from

---

motion did not mention Rule 16; Deputy Re raised Rule 16 in his response to Plaintiff's motion to amend. (*See* Dkt. 61; Dkt. 64 at 3-6). Because Deputy Re put Rule 16 at issue, Plaintiff's Rule 16 argument will be considered.

the incident identifying Deputy Re as involved in the incident.  (Dkt. 64-2).  In fact, "Deputy Vincent Re #3133" is plainly identified as one of the reporting officers on the police report.  (*Id.* at 29).

If Plaintiff's counsel had diligently researched Plaintiff's case, she would have found reference to Deputy Re and either included him in the original complaint or amended the complaint within the time set by the scheduling order.  The failure to do so is not sufficient to establish good cause for an extension under Rule 16(b), especially at this late stage of the proceedings.

Moreover, Deputy Re was affirmatively referenced in the summary judgment filings (Dkt. 23-1 at ¶ 8;  Dkt. 27-1 at ¶ 8), and this Court specifically referred to Deputy Re's involvement as part of its Decision and Order issued in December 2014 (Dkt. 35).  Yet, it was not until August 2016, that Plaintiff filed the present motion.  (Dkt. 61).  This lack of diligence cuts against any claimed good cause.

Additionally, contrary to Plaintiff's argument, this Court's decision in August 2015, permitting Plaintiff to conduct the depositions of Deputies Luther and Re after the deadline for completion of discovery (Dkt. 49), does not signify that this Court found good cause to extend the deadline for amending the pleadings.  As discussed, there is no good cause for such an extension.

The Court understands that Plaintiff is being punished, in part, for the alleged failure of his—now disbarred—former attorney.  However, it is not the Court's role to right the wrongs of Plaintiff's counsel.  "[A]bsent a truly extraordinary situation, the client is not excused from the consequences of his attorney's nonfeasance."  *Chira v.*

*Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).  Ms. Agola's actions "may give rise to a claim for malpractice, but [do] not constitute an extraordinary circumstance" sufficient to require relief by the Court.  *See Lastra v. Weil, Gotshal & Manges LLP*, No. 06Civ.8746, 2005 WL 551996, at \*4 (S.D.N.Y. Mar. 8, 2005).

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to amend the complaint (Dkt. 61) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      October 12, 2016
            Rochester, New York